IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No.: 2:07cr89-MHT |
| ) | |
| SAUL HERNANDEZ-CORTEZ    ) | |

**UNOPPOSED MOTION TO CONTINUE SENTENCING HEARING**

**COMES NOW** the Defendant, Saul Hernandez-Cortez, by and through undersigned counsel, Jennifer A. Hart, and moves this Court to continue the sentencing hearing in this matter. In support of this Motion, Defendant would show the following:

1. This matter is presently set for sentencing on September 21, 2007.

2. The Presentence Report ("PSR") prepared by the Probation Officer in this case incorrectly states that Mr. Hernandez has no objections to the PSR. Objections to the PSR were due to be submitted to Probation by September 7, 2007. On that date, the undersigned counsel was called away from work to pick-up her sick five year-old son from kindergarten. Objections to the PSR were provided to the Probation Officer the following business day.[1]

3. The PSR contains accusations against Mr. Hernandez which are untrue and not supported by the evidence. Specifically, it is alleged that Mr. Hernandez was involved in an incident at the City Jail where hacksaw blades were mailed to the Jail in an envelope addressed to Mr. Hernandez.

4. In investigating the matter, the United States Marshal Service violated Mr.

---

[1] The Probation Officer telephoned the office of the undersigned counsel on that date. She was advised that counsel was in Court. The Probation Officer advised that the phone call was a mere "courtesy" call and that she would be filing the final PSR without speaking to defense counsel.

Hernandez' constitutionally guaranteed right to counsel when it interrogated Mr. Hernandez without advising his attorney of its intention to do so, knowing full well that Mr. Hernandez was represented by counsel, and that any information obtained during the interview could adversely affect Mr. Hernandez' plea agreement.

5.  Additionally, the Probation Office was involved in this un-counseled interrogation of Mr. Hernandez. In a Report prepared by the Marshal Service, the interviewing Deputy Marshal states:

> U.S. Probation Officer Kevin Poole will be conducting the pre-sentence investigation and will attempt to obtain further information that may assist in identifying relatives/associates of Hernandez-Cortez, specifically "Cesar" and "Rigo", and any others with a connection to Austin, Texas. Efforts will be undertaken to interview Cortez-Hernandez in the near future. This report and photographs of the evidence will be forwarded to Assistant U.S. Attorney Jerusha Adams. Investigation continuing.

(This Report is attached hereto as "Exhibit A")

6.  The Presentence Report was actually prepared by Probation Officer Jakki Capel. In a subsequent Report prepared by the Marshals on June 28, 2007 it is noted that:

> On 7/10/2007 U.S. Probation Officer Jacqueline Capel interviewed Hernandez-Cortez in the course of her pre-sentence investigation on subject. Capel advised this writer that subject reported no family members residing in Austin, Texas and none by the name of "Rigo" or "Cesar". This is consistent with subject's previous statement to this writer. It is this writer's opinion that continued investigation would not lead to the development of significant new evidence or information, and that this investigation be closed.

(This Report is attached hereto as "Exhibit B")[2]

---

[2] Ms. Capel denies that she was acting at the behest of law enforcement when she questioned Mr. Hernandez about whether he knew anyone in Austin, Texas. However, asking Mr. Hernandez whether he knew anyone in Austin was not relevant to the completion of his PSR as he was not from there, had never been there and there was nothing to suggest any connection with Austin whatsoever except the Marshals' mistaken belief that he knew someone there.

7. In investigating the unconstitutional interrogation of Mr. Hernandez, the undersigned counsel discovered that she cannot represent Mr. Hernandez in challenging the accusations against him because, to do so would create a conflict of interest with another past or present client of the Federal Defender Office. Thus, undersigned counsel will be filing, contemporaneously with this Motion, a motion to withdraw from representing Mr. Hernandez-Cortez.

8. New counsel will need time to review the file to prepare to challenge the information contained in the PSR and to consider whether a motion to dismiss the Indictment based on law enforcement misconduct is appropriate.

9. After being informed that the undersigned would have to withdraw from this case, the Government advised that it would not oppose the granting of a continuance.

**WHEREFORE**, for the foregoing reasons, undersigned counsel respectfully requests that the sentencing hearing be continued.

Dated this 17th day of September, 2007.

    Respectfully submitted,

    s/Jennifer A. Hart
    **JENNIFER A. HART**
    FEDERAL DEFENDERS
    MIDDLE DISTRICT OF ALABAMA
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    jennifer_hart@fd.org
    AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jerusha Adams, AUSA.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

U.S. Department of Justice
United States Marshals Service



# FIELD REPORT

| TITLE OF REPORT | DATE OF INCIDENT | REPORT BY |
|---|---|---|
| SAUL HERNANDEZ-CORTEZ | 06/22/2007 | C.F. Tatom, DUSM |
| | REPORTING DISTRICT | |
| | Middle Alabama | |

**TYPE OF INCIDENT**

Contraband in mail addressed to Federal Prisoner, Saul Henrandez-Cortez

**NARRATIVE DESCRIPTION OF INCIDENT**

On 06/22/2007, this writer was directed to report to the Montgomery City Jail and to speak with Warden W.R. COLLINS regarding hacksaw blades discovered in incoming mail. Upon meeting with COLLINS, he produced a large white envelope and its contents which had been addressed to federal inmate SAUL-HERNANDEZ-CORTEZ. COLLINS stated that the envelope had been received that day and had been opened at approximately 10:00am by jail employee Annie Ruth BIBB. Within the envelope, BIBB discovered two large (approximately 9" x 12") certificates on heavy duty paper or card stock. These certificates were attached back to back so as to appear as one two-sided document. Between these cards, BIBB felt hard objects at the top and bottom margins of the cards. BIBB subsequently discovered two hacksaw blades between the cards. BIBB then brought the matter to Asst. Warden MARY BRANTLEY's attention. BRANTLEY in turn, notified Warden COLLINS and turned the contraband, envelope, and cards over to him. COLLINS advised that he maintained control of these items in his desk until he turned them over to this writer at approximately 3:00pm. COLLINS further stated that no one had questioned HERNANDEZ-CORTEZ about this incident.

Upon examining the envelope and contents, this writer noted that the envelope had no return address and was post-marked Austin, Texas. The envelope was addressed by hand to "Saul Hernandez". The writer used a distinctive letter "S" but the remainder of the writing was not distinctive. The cards appeared to be Father's Day certificates, written in Spanish, and identical to one another except for children's type stickers that were affixed to each. Both bore the hand printed name "Saul", and the date "6/18/07". On one card the name "Cesar" was printed and, on the other, the name "Rigo" was printed. It appeared, to the untrained eye, that the hand written portion of the cards were not written by the same person. The two hacksaw blades were approximately 10.5" in length, and were similar in manufacturer and color. It was requested of Warden Collins that photocopies of the envelopes of subsequent mailings to HERNANDEZ-CORTEZ, particularly those with a return address, be made in an effort to find the distinctive "S" and possibly identify the sender.

☒ CONTINUED ON __1__ ATTACHED PAGES

| SIGNATURE OF PREPARER: *Charles F. Tatom* | DATE: 6/28/07 | DISTRIBUTION: ☐ DISTRICT |
| APPROVED (Name and Title): *Pamela Hurley SDUSM* | DATE: 6/28/07 | ☐ HEADQUARTERS ☒ OTHER: USAO - M/AL |

This report is the property of the United States Marshals Service.
Neither it nor its contents may be disseminated outside the agency to which it is loaned.
**FOR OFFICIAL USE ONLY**

Earlier editions are obsolete.

USM Form-210
Rev. 04/03

Cortez-160

**U.S. Department of Justice**
**United States Marshals Service**



# FIELD REPORT--CONTINUATION

Upon returning to the USMS office, this writer photographed and secured the evidence.

CORTEZ-HERNANDEZ ' USM-312 was examined and no relatives or associates information was revealed. His last known address was in Chilton County, Alabama and he had been brought into federal custody from the Chilton County Jail by way of a writ. The Chilton County Jail was contacted and no information regarding relatives or visitors of subject while he was in custody there was found. His connection, if any, to anyone in Austin, Texas has not been determined.

Both the Montgomery City Jail and the Chilton County Jail advise that their prisoner phone systems are not conducive to identifying calls made by a particular inmate. Thus, attempting to identify phone numbers called by CORTEZ-HERNANDEZ in the days prior to and following this mailing is unlikely to yield further information.

U.S. Probation Officer Kevin POOLE will be conducting the pre-sentence investigation and will attempt to obtain further information that may assist in identifying relatives/associates of HERNANDEZ-CORTEZ, specifically "Cesar" and "Rigo", and any others with a connection to Austin, Texas.

Efforts will be undertaken to interview CORTEZ-HERNANDEZ in the near future. This report and photographs of the evidence will be forwarded to Assistant U.S. Attorney Jerusha Adams.

Investigation continuing.

This report is the property of the United States Marshals Service.
Neither it nor its contents may be disseminated outside the agency to which it is loaned.
FOR OFFICIAL USE ONLY

Earlier editions are obsolete.

USM Form-210
Rev. 04/03

Cortez-161

U.S. Department of Justice
United States Marshals Service



# FIELD REPORT

| TITLE OF REPORT | DATE OF INCIDENT | REPORT BY |
|---|---|---|
| SAUL HERNANDEZ-CORTEZ | 06/22/2007 | C.F. Tatom, DUSM |
| | REPORTING DISTRICT | |
| | Middle Alabama | |

**TYPE OF INCIDENT**

Contraband in mail addressed to Federal Prisoner, Saul Hernandez Cortez

**NARRATIVE DESCRIPTION OF INCIDENT**

On 7/24/2007 this writer made contact with Montgomery City Jail Warden W.R. COLLINS. COLLINS advised that HERNANDEZ-CORTEZ has not received mail of any kind since the incident of 6/22/2007. It had been requested of Warden COLLINS that envelopes addressed to HERNANDEZ-CORTEZ, particularly those bearing a return address, be photocopied in an effort to attempt to locate similar handwriting as found on the original envelope containing the contraband.

On 7/10/2007 U.S. Probation Officer Jacqueline CAPEL interviewed HERNANDEZ-CORTEZ in the course of her pre-sentence investigation on subject. CAPEL has advised this writer that subject reported no family members residing in Austin, Texas and none by the name of "Rigo" or "Cesar". This is consistent with subject's previous statement to this writer.

It is this writer's opinion that continued investigation would not lead to the development of significant new evidence or information, and that this investigation be closed.

☐ CONTINUED ON ___ ATTACHED PAGES

| SIGNATURE OF PREPARER: *Charles J. Tatom* | DATE: 8/2/07 | DISTRIBUTION: ☐ DISTRICT |
| APPROVED (Name and Title) *Pamela Hendy* | DATE: 8/3/07 | ☐ HEADQUARTERS ☒ OTHER: USAO - M/AL |

This report is the property of the United States Marshals Service.
Neither it nor its contents may be disseminated outside the agency to which it is loaned.
**FOR OFFICIAL USE ONLY**

Earlier editions are obsolete.

USM Form-210
Rev. 04/03