UNITED STATES GOVERNMENT
# MEMORANDUM

**TO:** The Honorable Myron H. Thompson
United States District Court Judge

**REPLY TO ATTN OF:** Jacquelyn P. Caple
Senior United States Probation Officer

**SUBJECT:** Saul Hernandez-Cortez
Docket No. 2:07CR00089-MHT

**DATE:** November 9, 2007

The above named defendant is scheduled for sentencing on November 13, 2007, at 10:00 a.m. On September 10, 2007, previously assigned counsel filed an objection to the information contained in Paragraph Number 9 of the PSR. On November 9, 2007, current counsel, Daniel G. Hamm, filed a motion to redact portions of the presentence report (PSR), specifically Paragraph Number 9 entitled Adjustment for Obstruction of Justice. The court has ordered the probation office to file a written response to this motion by 9:00 a.m., November 13, 2007.

It is the duty of the probation officer to complete investigations for the court and provide information necessary to make reasonable and objective findings as it relates to the United States Sentencing Guidelines and imposition of sentence. While this is the primary purpose of the PSR, the PSR also serves to aid the probation officer in supervision efforts during probation, parole and supervised release; to provide the United States Sentencing Commission with information critical to their monitoring and research responsibilities; and to support the Bureau of Prisons inmate designation, classification, programming and release planning. The probation officer serves as the court's independent investigator. In accordance with Rule 32(d)(2), *Federal Rules of Criminal Procedure*, the probation officer is to include in the PSR, among other things, the defendant's history and characteristics and any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment. The probation is also to identify all applicable guidelines and policy statements of the Sentencing Commission and calculate the defendant's offense level. In doing so, the probation officer must identify any factors relevant to the appropriate sentence. Such determination requires the probation officer to thoroughly explore and analyze all circumstances of the offense and the offender. In preparing this report, the probation officer identified and evaluated any potential factor which the court should consider in the determination of this defendant's total offense level. Based on this officer's findings, an enhancement for Obstruction of Justice has not been recommended. This is stated at the end of Paragraph Number 9 of the PSR. The probation officer does not, however, believe the information should be excised from the PSR. On the contrary, it is this probation officer's responsibility to advise the court of any known information that *may be* relevant to sentencing, that *may be* pertinent as to the defendant's personal and social characteristics and that *may be* relevant to the defendant's subsequent correctional treatment.

Respectfully submitted,

/s/Jacquelyn P. Caple
Senior United States Probation Officer